# NO. 12-18-00225-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ADRIAN FLOURNOY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Adrian Flournoy appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of one gram or more but less than four grams of cocaine enhanced by a prior felony conviction. He pleaded "guilty," and the trial court assessed his punishment at imprisonment for eight years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App.

[Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We found no reversible error.

## COURT COSTS

In reviewing the record, we found an error in the amount of court costs in the judgment. We have the authority to reform a judgment in an *Anders* appeal and to affirm the judgment as reformed. *See* TEX. R. APP. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the costs. *Id.*

In this case, the final judgment imposes $328.00 in court costs. A bill of costs lists the name and amount of each cost and includes a $34.00 DNA testing fee. The code of criminal procedure provides that a person must pay a court cost of $34.00 for DNA testing when he is placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (West 2018). Here, because Appellant was not placed on community supervision, we find no basis in the record for the $34.00 DNA testing fee.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment should be modified to reflect that the court costs are $294.00. *See id.*; TEX. R. APP. P. 43.2(b).

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired and no pro se brief was filed.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw. We ***modify*** the trial court's judgment to reflect that Appellant's court costs are $294.00 and ***affirm*** the judgment as modified.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 22, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2019**

**NO. 12-18-00225-CR**

**ADRIAN FLOURNOY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0020-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was an error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** to reflect $294.00 in court costs**,** and in all other things **affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*